### No. 9123.

## C. E. P. CALHOUN vs. H. McKNIGHT, ADMINISTRATOR.

A party alleging himself to be a creditor of a succession, and praying in that capacity for an increase of the administrator's bond, cannot be required to furnish the same conclusive proof of his claims which would be exacted of him if he was suing for the recovery of his claims.    Our law looks with favor on proceedings intended to scrutinize the conduct of administrators, and to increase the security of creditors and of other persons interested.

An administrator will be required to furnish a new bond, so as to cover newly discovered property, and to the full extent of the value of the whole succession property as shown by a supplemental inventory provoked by the administrator himself.

An administrator should not be required to furnish bond on the basis of an inventory in which property was inadvertently included which was not owned by the deceased, but which was judicially declared to belong to a different party,

Although the amount of the bond be fixed by the Supreme Court, an inquiry as to the ownership and value of such property can be instituted in the lower court, which has power to reduce the amount, where authorized to do so, subject to the right of the party aggrieved to have the action reviewed on appeal.

APPEAL from the Twelfth District Court, Parish of Grant. Barbin, J.

Thorpe, Peterman & Thorpe for Plaintiff and Appellee.

R. J. Bowman and R. P. Hunter for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.    Alleging that she is a creditor of the succession of Meredith Calhoun, plaintiff suggests that since the defendant furnished his bond as administrator of said succession, new property has been discovered as belonging to, and has been at his instance inventoried in, the succession; hence, she prays that he be required to furnish additional security commensurate with the value of the estate as shown by the last inventory thereof.

The main defense is a denial that plaintiff is a creditor of the succession, coupled with the showing that a considerable portion of the succession property has been sold at probate sale and the proceeds thereof applied to the payment of debts.

The district court ordered the administrator to furnish a bond of $10,993, in addition to the bond of $7000 which he had furnished at the time that he was qualified as administrator.

From that judgment he has obtained a suspensive appeal.

Appellee's motion to dismiss the appeal cannot prevail.    It is predicated on the provision of law which regulates that judgments of this character are not suspended by appeal.  C. P. art. 1059.  On that ground appellee might, by a proper proceeding, have resisted the order for a suspensive appeal, but it cannot justify the dismissal of the appeal itself.  The appeal is properly before us, and without deciding whether it suspends the judgment or not, we must entertain it.

In support of her allegation that she is a creditor of the succession, plaintiff introduced the written transfer of several judgments originally held by third parties against the succession.   Defendant contends that

no proof having been adduced of the authority of the agents and attorneys of record to execute such transfers, plaintiff has failed to show that she was the true and lawful owner of such judgments, or that she is a creditor of the succession. Plaintiff is not suing to enforce payment of her alleged claims, or to obtain an absolute or final judicial recognition of the validity of her ownership of the same, and hence she cannot be held to the rigorous proof of her claims which the defendant contends for.

Our law looks with favor on all proceedings tending to investigate the official conduct of administrators and to secure the fidelity of their administration, and the rights of creditors and of other persons introduced. Hence, it discountenances all technical objections to such proceedings. McComas vs. Rengville, 4 A. 123; Succession of Frazier, 33 A. 594.

We find sufficient evidence to authorize plaintiff to enforce the rights conferred to creditors under the provision of our law which she invokes in this matter. R. S. sec. 10.

The supplemental inventory taken in the succession shows property consisting exclusively of lands, appraised at $24,188. True, it includes some of the property previously inventoried, but defendant cannot complain of that feature of the inventory which was made at his instance and under his directions. It does show the amount of the property belonging to the succession and should be the basis of his bond.

The necessity of a bond to cover the full amount of the inventory is not altered or affected by the fact that portions of the property have been converted under a probate sale into money and bonds. The administrator is equally responsible to the creditors and heirs for such funds and assets as he was for the property inventoried before it was sold.

The district judge does not inform us on what basis of calculation or authority of law, or upon what reasoning, he has fixed the amount of the additional bond at $10,993. Hence, we cannot say whether he erred or not from his own stand-point. But we find an inventory showing an aggregate of $24,188, and we know that the law exacts a bond of one-fourth above that amount. Appellee has prayed for an amendment of the judgment in that particular and we think him entitled *to* it.

The judgment appealed from is, therefore, amended so as to increase the amount of the bond required of the administrator to one-fourth over and above the sum of twenty-four thousand one hundred and eighty-eight dollars; said bond to be in lieu and stead of his original

Calhoun vs. McKnight.

bond of seven thousand dollars, or at his option a bond which, added to the $7000 bond already furnished, would equal the amount of the bond herein required; and said judgment as thus amended is affirmed, at appellant's costs in both courts.

Manning, J., takes no part.

---

## On Application for Rehearing.

Bermudez, C. J. The only serious ground of complaint against the judgment previously rendered seems to be that, in the computation of the amount of the bond which the administrator is ordered to furnish, the court has not excluded from the inventory property therein inadvertently embraced as owned by the deceased, which had been judicially declared to belong to Mrs. Lane and which is valued at $10,000.

This defense was not urged when the case was first submitted to our consideration. Strictly, it should not be noticed.

The record does not verify the fact advanced by the defendant.

It is true that there are one and even two judgments recognizing certain real property as belonging to Mrs. Lane, but they do not contain such a description of it as can enable the Court to identify it with any land described in the inventory.

Even then, the inventory does not show that the property is worth $10,000. Reliance is placed on the testimony of the defendant to show this value. He simply says that there must have been seven to ten thousand dollars' worth of land.

This is not, assuredly, such a valuation as can serve as a basis for a proper computation of the bond to be given.

We think, however, that justice forbids that the administrator should be required to furnish a bond to answer for property which does not belong to the succession in his charge, although the bond in such a case would be an idle formality. We will, therefore, while maintaining our previous decree, reserve to the appellant the right to have it determined by the lower court whether or not the property unquestionably belongs to Mrs. Lane, and what is its exact value on the inventory; and were the court to find in his favor, to reduce the amount of the bond fixed by this Court, without prejudice to the rights of the plaintiff to have the findings of the district judge reversed on appeal.

With this reserve, the application for a rehearing is refused, with costs.

Manning, J., takes no part.